# United States Court of Appeals
## For the First Circuit

No. 04-1146
No. 04-1147

UNITED STATES OF AMERICA,

Appellee,

v.

TIMOTHY H. BRADLEY and KATHLEEN MARY O'DELL,

Defendants, Appellants.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella, Circuit Judge,
and Saris,* District Judge.

William E. Christie with whom Shaheen & Gordon, P.A. was on consolidated brief for appellants.
Bradley J. Schlozman, Deputy Assistant Attorney General, with whom Thomas P. Colantuono, United States Attorney, Jessica Dunsay Silver and Karl N. Gellert, Department of Justice, Civil Rights Division, Appellate Section, were on brief for appellee.

October 14, 2005

*Of the District of Massachusetts, sitting by designation.

**Per Curiam**.  In this case the defendants were convicted of forced labor and related crimes based on their abusive treatment of several Jamaican seasonal workers whom they recruited in Jamaica and then kept in the United States by threats and other means.  The facts are recounted in our decision upholding the defendants' convictions and sentences.  United States v. Bradley, 390 F.3d 145 (1st Cir. 2004).  Each defendant was sentenced to a prison term of 70 months--the minimum provided for under the governing provisions of the Sentencing Guidelines.

After our decision and within the period for seeking certiorari, the Supreme Court rendered the Booker decision, United States v. Booker, --- U.S. ---, 125 S. Ct. 738 (2005), and thereafter remanded this case to us for reconsideration in light of Booker.  The defendants did not preserve an attack on the guidelines in the district court.  Thus, under our precedents, the question whether we should now remand for resentencing under the post-Booker advisory guideline regime depends on whether the defendants can establish a likelihood that in the event of a remand, their new sentences might well be less than the sentences imposed on them under the mandatory guidelines.  See, e.g., United States v. Heldeman, 402 F.3d 220, 224 (1st Cir. 2005).

The fact that each defendant was given the minimum guideline sentence helps their claim--a sentence above the minimum being a good indicator that the trial judge did not feel

-2-

constrained--but is alone insufficient to establish the likelihood of a different sentence. United States v. Kornegay, 410 F.3d 89, 100 (1st Cir. 2005). The district judge in this case made no comments at sentencing to cast any light on whether he would have been inclined to give a lower sentence absent the then-mandatory guidelines or whether he thought the guideline sentence was just right. Compare United States v. Cacho-Bonilla, 404 F.3d 84, 95 (1st Cir. 2005). Nor is this a case in which the circumstances of the offenses or defendants strongly suggest one way or the other that a judge constructing a "reasonable" sentence under the new advisory regime would stand by the 70-month sentence.

The core of the defendants' argument for a remand is that a number of mitigating factors are arguably present, such as prior good works by both defendants, lesser wrongdoing by O'Dell, community support for both, indications of no future danger, and--in both cases but especially O'Dell's--childhood circumstances that evoke sympathy. The defendants also make other kinds of arguments for a remand--for example, suggesting weaknesses in the government's proof of the crimes--but the government's very able brief in opposition to the remand thoroughly disposes of such claims as unfounded, irrelevant, or both.

The question, therefore, is whether there is a reasonable likelihood that the mitigating circumstances might well induce the district court, if unshackled by mandatory guidelines, to give a

somewhat lower sentence to either or both of the defendants. The government stresses, as we have ourselves in other cases, that many, and perhaps all, of the mitigating circumstances were presented to the district court, without eliciting any comment from the court. See, e.g., United States v. Figuereo, 404 F.3d 537, 541-42 (1st Cir. 2005). This may often be a persuasive argument against a remand but it cannot be so in every set of facts. Under mandatory guidelines, a district judge could well conclude that a group of discouraged factors did not quite justify a departure from the guidelines under the prevailing "heartland" analysis but might justify a somewhat shorter sentence under a reasonableness standard.

This case is a very close one but, on balance, we think there is enough of a possibility of a different result that we have concluded that a remand is appropriate. Cases like this one turn almost entirely on their particular facts and there is no reason to describe in detail the circumstances on which the defendants rely, especially as we do not know some of the details and do not have a developed factual rebuttal such as the government might seek to offer. It is enough that we think that the district judge in the circumstances of this case deserves an opportunity to consider the matter himself.

The defendants' sentences are vacated and the matter is remanded to the district court for further sentencing.

<u>It is so ordered</u>.